292 So.2d 480

**Malcolm WARNER**

v.

**STATE.**

**I Div. 450.**

Court of Criminal Appeals of Alabama.

March 26, 1974.

**362**

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This is an appeal from a judgment denying appellant's petition for a writ of habeas corpus after a hearing at which testimony was presented. He was then, and he is now, represented by employed counsel.

According to the record of the pleadings and the evidence in this case, appellant had been convicted by the Criminal District Court No. 4, Dallas County, Texas, on his plea of guilty of theft of "corporeal personal property of the value of $50.00 or over" and sentenced to punishment by confinement in the Texas Department of Corrections for three years, but his sentence had been suspended, and he had been placed on probation. He was arrested and detained in Mobile County, Alabama, by virtue of a rendition warrant of the Governor of Alabama in response to a demand from the Governor of Texas supported by an application for requisition setting forth that Malcolm Warner had violated the terms of his probation and was then a fugitive from Texas and had taken refuge, and was to be found, in Alabama.

·The sole contention of appellant-petitioner was and is that the extradition proceeding is violative of Title 15, § 68, Code of Alabama, 1940, as follows:

"Nothing in this chapter [a chapter dealing with Criminal Extradition] shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

There was testimony on the hearing that in some way the prosecution and conviction in Texas stemmed from the purchase by appellant-petitioner of an automobile, as to which a check was issued by Warner for the purchase price, which check was not honored by the bank upon which it was drawn. There was also evidence, corroborated by some terms of the official order of probation, that Warner was to make restitution in the amount of $300 to the probation officer of the court, payable $20 monthly, and pay a probation fee of $10 per month to the probation officer before the first day of each month during proba-

tion. Counsel has "deduced," and petitioner testified, that the $300 was for the use of the automobile which was returned to the seller and was rent for the time Warner had possession of it. The purchase price of the automobile was $2,300, which was the amount of the check.

Treating as distinguishable Tingley v. State, 34 Ala.App. 379, 41 So.2d 276, cert. denied 252 Ala. 520, 41 So.2d 280 (an extradition "theft by fraud" case) and Aldio v. State, 44 Ala.App. 303, 208 So.2d 212 (an extradition "cheating by a fraudulent pretense" case), counsel for appellant relies upon Hobbs v. State, 243 Ala. 102, 8 So.2d 596. As to *Tingley,* counsel states that the fraud alleged therein was apparent. As to *Aldio,* the distinguishing feature relied upon is that *Aldio* presented no evidence. In *Tingley* and in *Aldio,* it was claimed that the criminal proceeding involved constituted an effort to imprison for debt. In each of such cases the final judgment was adverse to petitioner.

In *Hobbs* as well as in Chatham v. State, 46 Ala.App. 729, 248 So.2d 768; Harris v. State, 38 Ala.App. 284, 82 So.2d 439; King v. State, 36 Ala.App. 368, 56 So.2d 379; Stubblefield v. State, 35 Ala.App. 419, 47 So.2d 662; and Scott v. State, 33 Ala.App. 328, 33 So.2d 390, it was held that there was a sufficient showing with reference to aid in the collection of a debt to prevent extradition. In none of the cited cases, however, had the defendant been convicted of the crime charged, which, inter alia, makes those cases distinguishable from this case.

On the hearing of the petition for habeas corpus in this case, there was some testimony by the petitioner himself from which it can be deduced that there was involved in the prosecution in Texas some effort to collect a debt, but the major thrust of his testimony was his contention that he was not guilty of the crime of which he was found guilty and to which he had pleaded guilty on recommendation of his attorney, which plea the court accepted after a determination, according to strong indications in the record and no definite showing to the contrary, that defendant voluntarily, knowingly and understandably entered such plea.

In the light of the full-faith-and-credit requirement of the Constitution of the United States, and the general presumption in favor of the validity of a final judicial decision as to parties legally before the court, the judgment of conviction and sentence is not to be treated so lightly as to permit its dissolution by weak and inconclusive collateral attack upon its integrity. No evidence has been presented that would lead to the conclusion that the judgment rendered was invalid or defective in any way, notwithstanding feeble belated protestations of innocence by the defendant. Clearly the Texas court had jurisdiction of the subject matter and of the defendant and its judgment should not be nullified by this proceeding.

A judgment that appears on its face to be valid and binding and rendered in a case in which the court had jurisdiction of the subject matter and the parties is to be given full faith and credit. Stallworth v. Stallworth, 272 Ala. 449, 131 So. 2d 867; Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194. In the absence of exceptional circumstances that go beyond the question of the guilt or innocence of the defendant and involve a difference between the public policy of the state of the judgment and the public policy of the state in which the judgment is in issue, the efforts of the former state in seeking to enforce the judgment should not be thwarted by the action of the latter. No such exceptional circumstances are presented here. If a similar judgment in all material respects had been rendered by a court of general trial jurisdiction of this State, we know of no reason that would require its vitiation.

We think that in general we should be as averse to affording an asylum to convicted felons fleeing from other states as the courts of other states are to providing

a place of refuge to convicted felons fleeing from Alabama or elsewhere to such other states. We are not here concerned with what might be the prerogative of the chief executive of a particular asylum state, but only with what the court should do in the matter. We note with interest what was said in holding that the court should not prevent the return by extradition of a convicted felon in People ex rel. Cavers v. Grasheim, 28 Misc.2d 102, 214 N.Y.S.2d 936, aff'd. 13 A.D.2d 999, 217 N.Y.S.2d 588, involving a proceeding to prevent the extradition to South Carolina of one who had been convicted of reckless homicide. There the court expressed marked disagreement with the judgment of the court of South Carolina, but not with the authority of the court to render the judgment nor with the right of South Carolina to a return of the convict to that state. One of the contentions therein was that extradition was an attempt to return the relator to South Carolina to satisfy a bail bond, a private claim and debt. The judgment of conviction had been affirmed by the Supreme Court of South Carolina, and certiorari had been denied by the Supreme Court of the United States. This may have given additional support to the conclusion of the court in the case cited, but a cardinal reason for the conclusion is to be found in the following statement:

"The warrant issued by the Governor of this State directing the relator's return to the demanding State recites that he is a fugitive from justice, having been convicted of committing a crime in the State of South Carolina, and that conclusion may not be interfered with or overthrown by this Court except for legal cause none of which, under the applicable decisions, exists in this case. Hogan v. O'Neill, 255 U.S. 52, 41 S.Ct. 222, 65 L.Ed. 497; People ex rel. Corkran v. Hyatt, 172 N.Y. 176, 189, 64 N.E. 825."

Both Johnson v. State, 45 Ala.App. 40, 222 So.2d 370, and Martin v. State, 50 Ala.App. 1, 276 So.2d 149, are clear to the conclusion that a convict who flees to Alabama before completion of his sentence by the court of the demanding state is subject to extradition, the one dealing with a convict that has been granted probation, the other with a convict that has been placed on parole. In Morris v. State, 43 Ala.App. 660, 199 So.2d 675, it was held that whether a convict with an uncompleted sentence has violated his probation or parole is for the determination of the demanding state only.

█ It may be that appellant's primary, if not his exclusive, contention is that a debt collection effort is to be found in the order of probation, which contains eleven specific requirements, two of which are as follows:

"(j)  Pay a Probation fee of $10.00 per month to the Probation Officer of this Court on or before the *1st* day of each month hereafter during probation; (k) The Defendant will make restitution in the amoung [sic] of $300.00 to the Probation Officer of this Court, payable $20.00 monthly. First payment due on or before January 1, 1973."

Whatever contention is made by appellant in his petition in this respect necessarily relates to the above quoted provisions of the probation order. Other provisions include:

"(d)  Report to the probation officer, as directed, to-wit:  monthly;  . . .  (g) Remain within a specified place, to-wit: Dallas County, Texas;"

To what extent any violation of terms (j) and (k) may have caused appellant-petitioner to think, and to furnish some semblance of evidence to the effect, that the extradition proceeding seeks to aid in the collection of a debt we are unable to say, but there is no basis for concluding from the record that it was a substantial factor in producing the extradition proceeding. The documents shown by the record and admitted in evidence on the hearing contain an affidavit in pertinent part as follows:

"*The Requisition asked for the said fugitive is not sought for the purpose of col-*

*lecting a debt, or enforcing a civil remedy, or to answer any other private end whatever."*

The status of appellant-petitioner is that of a convicted felon who has broken terms of the order granting him probation in several particulars, including terms (d) and (g) above quoted, that have no relation whatever to the question of a civil debt.

 Moreover, the terms complained of in the probation order are not in conflict with the statutorily expressed policy of Alabama, as evidenced by Title 42, § 22, Code of Alabama 1940, Recomp.1958, which provides in pertinent part that as a condition of probation the probationer may be required to "make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court."

Any contention that appellant's constitutional rights, Federal or State, have been per se impaired by the conditions of the probation order as to restitution is answered by Persall v. State, 31 Ala.App. 309, 16 So.2d 332, in which it was stated:

> "This theory is inharmonious with the prevailing view and is regarded as sophistical in that it ignores the principle that such clemency is an act of grace (Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 79 L.Ed 1566), is not penal, and may be rejected by the subject if he so elects. Fuller v. State, 122 Ala, 32, 26 So. 146, 45 L.R.A. 502, 82 Am.St.Rep. 17; State ex rel. v. Starwich, 119 Wash. 561, 206 P. 29, 26 A.L.R. 393, 399; Brooks v. State, 51 Ariz. 544, 78 P.2d 498, 117 A.L.R. 925; State v. Tripp, 168 N.C. 150, 83 S.E. 630; Renado v. Lummus, 205 Mass. 155, 91 N.E. 144; Birnbaum v. United States, 4 Cir., 107 F.2d 885, 126 A.L.R. 1207, 1210.
>
> "[3] 'Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of

its duration as Congress (the legislature) may impose.' Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 819, 79 L.Ed. 1566."

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by the Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.