**UNITED STATES of America**
v.
**Charles Steven HARTSFIELD.**
**No. 74–161–Cr–J–T.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 24, 1975.

Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for the Government.

John W. Caven, Jr., Jacksonville, Fla., for defendant.

## ORDER

TJOFLAT, District Judge.

The Court has before it a motion to dismiss the indictment in this case, filed by defendant on January 14, 1975. The facts involved are undisputed. On June 7, 1973, defendant entered a plea of guilty to a direct information charging him with receiving stolen property (a crime punishable by imprisonment for a term exceeding one year) in the Circuit Court for the Fourth Judicial Circuit of Florida. At that time, the court withheld adjudication of guilt and imposition of sentence, and placed the defendant on probation pursuant to the provisions of Section 948.01(3) of the Florida Statutes, which reads in its relevant part that:

"(3) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt and in either case stay and withhold the imposition of sentence upon such defend-

ant, and shall place him upon probation under the supervision and control of the commission for the duration of such probation. And the said commission shall thereupon and thereafter, during the continuance of such probation, have the supervision and control of the defendant."

Thereafter, while still on probation, defendant purchased a gun. On the form that he was required to fill out at the time of purchase, defendant stated that he was not then under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year. Defendant was subsequently indicted by a federal grand jury on September 11, 1974, and charged with knowingly making a false written statement in connection with the purchase of the gun (a violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)) when he stated that he was not at the time of purchase under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year. The Government contends that since adjudication had been withheld in the state criminal case, defendant was still technically under information when he purchased the gun. Defendant, on the other hand, claims that common sense precludes such a finding.

It is the Court's opinion that the critical question is whether, at the time of the purchase of the gun, defendant had been "convicted" under state law. An indictment or information is nothing more than an accusation. Once there has been a "conviction," the indictment or information becomes superfluous in a practical sense, as the guilt of the accused has been determined and he no longer can be tried on the indictment or information.

Florida law provides a procedure whereby certain people charged with a crime may have adjudication of guilt and imposition of sentence withheld, and instead may be placed on probation. § 948.01(3), F.S., *supra*. The intent of this statute is clearly to provide deserving individuals with a "second chance," so to speak. *See* Delaney v. State, 190 So.2d 578 (Fla.1966). This Court must determine, then, what the import of such a procedure is insofar as the Florida courts are concerned.

The Florida Supreme Court has several times held that a legal conviction of crime includes a judgment of the court in addition to a plea or verdict of guilty. *See, e.g.*, Weathers v. State, 56 So.2d 536 (Fla.), cert. denied, 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 692 (1952); Ellis v. State, 100 Fla. 27, 129 So. 106 (1930); Timmons v. State, 97 Fla. 23, 119 So. 393 (1929); Smith v. State, 75 Fla. 468, 78 So. 530 (1918). This position would seem to indicate that a defendant would remain technically under indictment or information until he was adjudged guilty by the court.

While none of the cases cited, *supra*, have ever been explicitly overruled by the Florida Supreme Court, it is important to remember that prior to the 1959 amendment of Section 948.01(3) of the Florida Statutes (Fla.Laws 1959, c. 59–130) this statute did not provide a judge with the alternative of withholding adjudication of guilt as well as imposition of sentence. The question of the status of one treated pursuant to the present Section 948.01(3) (*i.e.*, one with respect to whom *both* adjudication of guilt *and* imposition of sentence have been withheld) has thus become of importance only in recent years. The issue has arisen in Florida courts only occasionally since the 1959 amendment, and even in these few cases the discussion has not been entirely dispositive of the question now before this Court.

In one case, the Florida Supreme Court found that a decision to place a defendant on probation pursuant to the provisions of Section 948.01(3) of the Florida Statutes without either adjudication of guilt or imposition of sentence constituted a "final judgment or decree" so to give that court jurisdiction to hear an appeal of the lower court's disposition of the case. Delaney v. State, *supra*.

In another, relatively recent, case the Florida Supreme Court clearly attempted to distinguish the earlier decisions which had held that adjudication of guilt by the court was a necessary prerequisite to a legal conviction. In State v. Gazda, 257 So.2d 242 (Fla.1971), the defendant had pleaded guilty to a charge of grand larceny. The court had ordered that adjudication and sentence be withheld pending a presentence investigation. Defendant then left the court's jurisdiction and was not returned until some six years later. The question was whether the defendant was "convicted" as that term is used in Section 775.14 of the Florida Statutes, which reads:

"Limitation of withheld sentences— Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld."

The court found that the defendant had been "convicted" when he pled guilty. It said:

"We agree with the majority opinion below that for purposes of construing § 775.14, supra, the term 'conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court."

The court then proceeded to distinguish those earlier decisions which suggested a contrary result (though it mentioned only Ellis v. State, supra, by name), indicating that what was said in all of the earlier cases related only to a "judgment of conviction," and not to a mere "conviction." It said that an adjudication of guilt was a necessary prerequisite to a "judgment of conviction," but that it

was not necessary before there could be a "conviction." See also Singletary v. State, 290 So.2d 116 (Fla.App.), cert. dismissed, 293 So.2d 361 (Fla.1974), where the court said:

"Whether or not he [the defendant] was originally adjudged guilty or adjudication was withheld (F.S. Sec. 948.01(3), F.S.A.), persons on probation are beyond the trial or guilt determining stage of the criminal process . . . ." Id. at 118 n. 4.

■ The Court is convinced that under Florida law the defendant would be considered convicted upon the entry of his plea of guilty. See generally Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274, 279 (1969); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927). When the judge decided to withhold adjudication and sentence and instead placed defendant on probation under Section 948.01(3) of the Florida Statutes, it is clear that the defendant could no longer be tried on the information. At that point only two real alternatives existed with regard to future proceedings—defendant could either abide by the terms of his probation, in which case no further court action would be necessary; or he could violate the terms of probation, in which case he would be returned to court, his probation would be revoked, and he would be adjudicated guilty of the charge of receiving stolen property and sentenced therefor. In any case, he was certainly no longer under indictment or information when he purchased the gun. Accordingly, it is

Ordered that:

The motion to dismiss the indictment, filed by defendant on January 14, 1975, is granted and this case is dismissed.