John S. Lockman, J.
After pleading guilty to a felony before this court, the defendant, through his attorney, moves for an order "declaring that the defendant cannot be sentenced as a second felony offender pursuant to Penal Law § 70.06” because the alleged prior felony conviction was not a conviction in that pursuant to section 948.01 of the Florida Statutes Annotated that court there specifically "withheld the adjudication of guilt and imposition of sentence” and placed the defendant on probation.
The People contend that: (1) it is the acknowledgment of guilt by the defendant rather than the court determination *1022 which constitutes a conviction; and (2) Florida law provides that a subsequent felony during the probationary period authorizes Florida courts to consider the charge upon which adjudication has been withheld as a conviction (Fla St Ann., § 775.084).
Since section 70.06 of our Penal Law requires a conviction before the prior felony offender sentencing requirements become operable, subsequent treatment where adjudication is withheld is irrelevant. Thus, the issue is whether the acknowledgment of guilt with the adjudication thereof withheld constitutes a conviction.
It does not. The Florida Legislature had the power to allow its courts to determine whether to withhold an adjudication of guilt in the interests of justice and in order to prevent "branding the individual as a convicted criminal with consequent loss of civil rights and other damning consequences” (Delaney v State of Florida, 190 So 2d 578, 580), as our Legislature had the power to allow our courts to adjourn in contemplation of dismissal (CPL 170.55) and grant youthful offender treatment (CPL art 720).
Accordingly, the action of the Florida court is entitled to full faith and credit and I am constrained to grant the order. Therefore, it is ordered that the defendant is not a prior felony offender.