This is an appeal from a judgment denying appellant's petition for a writ of habeas corpus after a hearing at which testimony was presented.
According to the record of the pleadings and the evidence, on May 13, 1975, appellant entered a plea of guilty in the Circuit Court of Orange County, Florida, to the crime of uttering a forgery. He was placed on probation for a term of four years commencing on August 27, 1975. The terms of his probation included the following:
 "(4) You will live and remain at liberty without violating any law. A conviction *Page 860 
in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
 "(9) You will pay a Public Defender Lien in the amount of Four Hundred Dollars payments to be made according to a schedule furnished by your Probation Supervisor.
 "(10) You will make restitution in an amount and payments to be made according to a schedule furnished by your Probation Supervisor."
On October 15, 1976, the Probation Supervisor made an affidavit that appellant had not properly conducted himself but had violated the conditions of his probation as follows:
 "Violating condition (4) in that the aforesaid did, between 4-28-76 and 5-19-76, write eight checks totaling $1,215.00 to Skaggs V. Albertson Store in Altamonte Springs, Florida, for which he received cash and merchandise, which were returned for insufficient funds.
 "Violating condition (9) in that the aforesaid has paid only $100.00 of his $400.00 due to the Public Defender's Office despite the agreement on 10-27-75 and 4-27-76, to pay $50.00 per month toward liquidation of this obligation.
 "Violating condition (10), in that the aforesaid has failed to make any payments on the restitution owed, despite his agreement on 4-27-76 to pay $100.00 per month toward liquidation of this obligation.
 "Violating condition (4), in that the aforesaid has failed to pay the $10.00 per month cost of supervision required by the State of Florida and, as of 9-16-76, was $120.00 in arrears despite repeated warnings to take care of this obligation."
On the basis of the foregoing affidavit sworn to before a judge of the Circuit Court of Orange County Florida, the judge issued a warrant on March 23, 1977, for the arrest of appellant. On April 6, 1978,[1] a "State Attorney" of Florida made a verified written application to the Governor of Florida for requisition to be issued to the Governor of Alabama for the return of appellant to Florida, stating in the application that he understood that appellant was then at Prattville, Alabama. Pursuant thereto, the Governor of Florida on April 18, 1978, issued a respectful demand of the Governor of Alabama for the arrest and delivery of appellant, and on April 28, 1978, the Governor of Alabama issued a rendition warrant for appellant, which was executed by the Sheriff of Autauga County.
Appellant makes the same contention that was made by appellant in Warner v. State, 52 Ala. App. 361, 292 So.2d 480
(1974), that the extradition proceeding was violative of Ala. Code 1975, § 15-9-48, as follows:
 "Nothing in this chapter [a chapter dealing with Criminal Extradition] shall be construed as authorizing the extradition of any person in this State to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."
Although there is some difference between the facts in the case under review and the facts in Warner, the conclusion reached in Warner is adversely dispositive of appellant's contention here. We see no need to repeat the comprehensive consideration of substantially all of the reported cases in Alabama in which the quoted Code section had been relied upon to prevent extradition, some successfully and others futilely. Some of the facts in the instant case are more favorable to appellant than the facts in Warner; some are less favorable.
Appellant's testimony on the habeas corpus hearing was to the effect that he had not been financially able to pay the Skaggs-Albertson Store in Altamonte Springs, Florida, any of the sum of one thousand two *Page 861 
hundred fifteen dollars, which represented the price of the merchandise and cash received by him from such store, and for which he had given eight checks at the time which had been returned by reason of insufficient funds. His testimony does not attempt to show that his conduct in obtaining such merchandise and money by the issuance of eight worthless checks did not constitute a violation of law of Florida and did not constitute a violation of condition (4) of the order of probation.
As to appellant's violation of condition (10) of the probation order, in failing to make any restitution for the crime that he had admitted by his plea of guilty, we again note as we did in Warner that such a condition of probation is not in conflict with the statutory express policy of Alabama, as evidenced by Ala. Code 1975, § 15-22-52 (8).
It is not necessary for us to consider the other alleged violations of the order of probation, but we note that as to them in allegedly failing to pay for some of the costs of supervision, the particular condition is not out of harmony with Alabama Acts 1976, No. 638, p. 887, and Acts 1977, No. 414. Ala. Code 1975, 1977 Cum.Supp., § 15-22-2.
There has been nothing presented, on the habeas corpus hearing or otherwise, that warrants a conclusion that any legal entity other than the State of Florida, in its sovereign capacity and under its duty as such, showed any interest whatever in extraditing appellant to Florida for the purpose of a hearing on a judicial proceeding to determine whether he has violated an order placing him on probation, to which he was not entitled as a matter of right, but which was granted him as a matter of grace. Warner v. State, supra. Whether his claimed impecunious circumstance warrants a finding that he has not violated any of the conditions of the order of probation is not for us, and it was not for the trial court, to decide. To attempt to do so would be a usurpation upon the exclusive function of the court that placed him on probation. His recourse against injustice, including possibility of his being imprisoned for debt, is in the Circuit Court of Orange County Florida, with further recourse, if justice requires, in the appellate courts of that state and in the Supreme Court of the United States. As stated by Mr. Justice Cardozo, Escoe v.Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 820, 79 L.Ed. 1566,1569 (1935):
 ". . . The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. Burns v. United States, supra (287 U.S. 216, at pages 222, 223, 53 S.Ct. 154, 77 L.Ed. 266, 270). It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper. Ibid. That much is necessary, or so the Congress must have thought, to protect the individual against malice or oppression. Almost equally it is necessary, if we read aright the thought of Congress, for the good of the probation system with all its hopes of social betterment."
During the hearing on the petition for habeas corpus the State proceeded to show by Autauga County Sheriff Robert Turner as a witness that he had received in the mail several documents, duly certified, including photocopies or certified copies of several documents, including the order of court placing appellant on probation, warrants, application for extradition, the demand for requisition by the Governor of Florida and the rendition warrant of the Governor of Alabama mentioned above; then the following occurred:
 "MR. DAVID BARNES: Your Honor, we'd like to offer these papers in evidence. (Indicating)
 "MR. STEVE LANGHAM: I'm going to object. The proper predicate hasn't been laid.
"MR. GLEN CURLEE: In what respect? *Page 862 
 "MR. STEVE LANGHAM: I don't have to — I'm saying that the proper predicate has not been laid for the introduction of the papers — It hasn't
 "THE COURT: All right. In the face of only a general objection, the Court overrules. ____
 "MR. STEVE LANGHAM: Your Honor, I laid a specific objection. I stated the proper predicate has not been laid.
 "THE COURT: All right, I overrule the objection. State's Exhibit One is admitted."
The particular documents, or copies thereof, were those in the possession of the sheriff and which constituted the basis of the return made by him to the writ of habeas corpus. They were regular and fair on their face, and the authenticity of them is not questioned.
Appellant still contends that the proper predicate was not laid for the introduction of the documents. He says,
 "No other [other than the testimony of the sheriff that he received the documents in the mail] identification, authentication or predicate was laid prior to the introduction of these documents into evidence. There was no showing, prior to their introduction, that the instruments in question had any bearing or relationship with any issue in the habeas corpus proceeding."
We disagree. The documents had a direct bearing on and relationship with the issue. This contention, moreover, was not the contention made by appellant as to the admissibility of the documents. His insistence on the trial was that the proper predicate had not been laid, but he did not show, and still does not show, any need for a predicate. Furthermore, if there had been need for a predicate, it was not made known to the trial judge how or wherein such predicate was needed. The trial court was not in error in overruling appellant's objection to the admission in evidence of the documents.
Even where a predicate is required for the admission of particular testimony and "where a predicate has in fact been laid," an objection that a proper or a sufficient predicate has not been laid is a "general objection merely, and will not be referred to any specific objection which could have been obviated if pointed out at the time." Southern Railway Companyv. Dickson, 211 Ala. 481, 487, 488, 100 So. 665, 671 (1924).
In Warner v. State, supra, we observed that in such case, unlike many previous cases, there had been a conviction of a crime by a court of the demanding or requisitioning state. Although no point has apparently been made in this case to the effect that no actual conviction of appellant had taken place in Florida, we should note, we think, that after the entry of defendant's guilty plea in the Florida forgery case, the court did not make an adjudication of guilt but "withheld adjudication of guilt and the imposition of sentence and placed the aforesaid on probation . . . in accordance with the provisions of Chapter 948, Florida Statutes." We believe that it is not our province to pass upon the validity of the Florida probation procedure, which in this particular respect is different from that of Alabama, especially in the absence of any question as to the point, but we do note that it has been held that the acceptance of a plea of guilty and the withholding of an adjudication of guilt and the imposition of sentence and placing the defendant on probation, in accordance with the Florida statute, is the equivalent of a conviction.State v. Gazda, Fla., 257 So.2d 242 (1971); United States v.Hartsfield, 387 F. Supp. 16 (1975).
The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.
[1] There seems to be no contention by either party as to the respective lengthy time intervals involved. It appears that there were unrelated charges pending against appellant in Autauga County and that appellant had been in Alabama, living in Cullman County, for a considerable period. *Page 863