OPINION of the court
John P. Balio, J.
This proceeding was instituted by a writ of habeas corpus. Since no evidence was submitted on the legality of the petitioner’s present detention, the court has treated this petition as a CPLR article 78 proceeding in the nature of certiorari to review a determination of the Board of Parole. (People ex rel. Davis v Arnette, 57 AD2d 562.)
The essential facts are not in dispute. The petitioner was convicted in New York of burglary and sentenced to imprisonment. While on conditional release, he absconded and was determined to be delinquent on November 20, 1979. He was arrested in Florida on a charge of burglary on December 8, 1979 and committed to the county jail. On January 11, 1980, petitioner pleaded guilty. A presentence investigation thereafter revealed that he was *582 wanted by New York officials. On March 24, 1980, the petitioner appeared for sentencing, and the Florida court, pursuant to subdivision (3) of section 948.01 of the Florida Statutes Annotated, withheld any adjudication of guilt, placed the petitioner on probation on condition that he serve one year in the county jail, and then released him from probation as of the date he was taken into custody by New York authorities.
Upon return to New York and in June, 1980, the Board of Parole found petitioner in violation of the terms of his conditional release, revoked his release and apparently made a determination that petitioner was entitled to jail time credit on his interrupted sentence of 26 days (April 4 to April 30, 1980) while in the custody of New York authorities. That determination was affirmed by the Appeals Unit of the Board of Parole on September 18, 1980, and it is this latter determination that is subject to review here.
The Appeals Unit determined that petitioner was only entitled to jail time credit for custodial time in excess of the maximum term of imprisonment for a conviction under section 70.40 (subd 3, par [c], cl [iii]) of the Penal Law.
The petitioner contends that he was never convicted under Florida law; that the New York courts must accord Florida law full faith and credit; that the Florida determination was tantamount to a dismissal or acquittal; and that the practical effect of the conduct of Florida officials was to hold the petitioner in custody until he was picked up by New York authorities.
The pertinent portion of the Penal Law (§ 70.40, subd 3, par [c]), provides for the allowance of a credit to an interrupted sentence for time spent in custody between the time of delinquency and the resumption of the sentence, provided,
“(ii) that such custody arose from an arrest on another charge which culminated in a dismissal or an acquittal; or
“(iii) that such custody arose from an arrest on another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of time spent in *583 custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction.”
Where a Judge, pursuant to subdivision (3) of section 948.01 of the Florida Statutes Annotated, withholds an adjudication of guilt, technically there has been no conviction. Thus, applying full faith and credit to Florida law, the prior withholding of an adjudication of guilt upon a plea of guilty cannot be considered a prior conviction for the purpose of finding a defendant to be a second felony offender. (People v Bell, 82 Misc 2d 1021; see, also, Shead v State, 367 So 2d 264 [Fla].)
However, it is equally clear that the withholding of an adjudication of guilt does not constitute an acquittal or dismissal. If the court withholds an adjudication of guilt, it must either sentence the defendant or place him under probation. (Fla Stats Ann., § 948.01, subd [3].) If the defendant violates probation, the court, upon a finding of violation of probation, must continue or modify the probation or revoke the probation, adjudge the defendant guilty and impose sentence. (Fla Stats Ann., § 948.06, subd [1]; United States v Hartsfield, 387 F Supp 16.) It should be further noted that the withholding of an adjudication of guilt only applies when the defendant has pleaded guilty or nolo contendere or been found guilty by jury verdict or court decision after a nonjury trial. (Fla Stats Ann., § 948.01.) The “withholding” is not tantamount to a dismissal or acquittal. Rather, the purpose is to avoid the stigma of a criminal record where prospects are good for rehabilitation. (Holland v Florida Real Estate Comm., 352 So 2d 914 [Fla].)
Therefore, applying full faith and credit to Florida law, the . determination of the Florida court was technically neither a conviction nor a dismissal or acquittal. Also a strict application of statutory construction and full faith and credit would deny this petitioner any consideration of jail time credit under the Penal Law. However, the court is of the view that the New York jail time credit provisions must be interpreted in light of the unique Florida statutory scheme and New York functional equivalents.
The withholding of an adjudication of guilt has been considered tantamount to a final determination of convic *584 tian for the purpose of appeal (Delaney v State, 190 So 2d 578 [Fla]) and to determine whether an information or indictment is still outstanding (United States v Hartsfield, supra). The court is unaware of any Florida decisions to the effect that such a procedure is tantamount to a dismissal or acquittal. Such a decision would of course be in direct conflict with the plain import of subdivision (1) of section 948.06 of the Florida Statutes Annotated.
Under New York law, a finding of guilt by jury verdict or court decision or the entry of a plea of guilty is a conviction. (CPL 1.20, subd 13; see, also, People v Hardin, 67 AD2d 12.) Petitioner suggests that the closest New York analogy to the Florida procedure is the probation sentencing of a narcotic addict under section 65.00 and former subdivision 4 of section 65.20 of the Penal Law. Although the statutory scheme has recently been amended (L 1980, ch 471), the statutes require a conviction prior to the imposition of sentence. (See 6 Zett, New York Crim Prac, par 48.3; 7 Zett, New York Crim Prac, par 66.9, subds [2], [4], cl [a]; par 66.10.) Therefore, it is abundantly clear that had petitioner been sentenced to probation in New York, the plea of guilty would have been deemed a conviction. (People v Hardin, supra.)
The court additionally observes that the highest court of a sister State has determined that there is no substantive difference between the Florida procedure of withholding an adjudication of guilt upon a plea of guilty or jury verdict of guilty and the Massachusetts procedure of suspending a sentence and imposing probation upon a conviction. (Commonwealth v Reed, 364 Mass 545.)
Petitioner’s final contention is that the Florida courts, as a practical matter, merely held the petitioner until he could be picked up by New York authorities and should, therefore, be entitled to a credit for his entire Florida custody. This cannot be so, because no Florida official was even aware of his New York delinquent status until after petitioner pleaded guilty on January 11, 1980; the fact of delinquency was discovered in the course of a presentence investigation, and there is no showing that the sentencing Judge was aware of the delinquency before sentencing; and petitioner did not appear for sentencing until March *585 24, 1980. Clearly, petitioner was held in custody on the Florida burglary charge and not on an out-of-State delinquency detainer. At best, the petitioner could only claim 10 additional days — the time from sentencing on March 24 until he was picked up by New York authorities on April 4, 1980. However, applying full faith and credit to the Florida determination, that 10-day period was within the one-year county jail sentence and cannot be applied as a credit under section 70.40 (subd 3, par [c], cl [iii]) of the Penal Law.
In sum, the court finds that, applying full faith and credit to Florida law, the Florida determination was neither a conviction nor a dismissal or acquittal; that for purposes of applying jail time credit under section 70.40 (subd 3, par [c]) of the Penal Law, the Florida determination should be treated as a conviction; that such treatment is in accord with New York law and not contrary to Florida decisional law; and that, therefore, the determination of the Board of Parole was correct as a matter of law. (Matter of Davis v Regan, 55 AD2d 1012.)
Therefore, the petition, treated herein as one for article 78 review, is hereby denied and dismissed.