Present: All the Justices

CARLYN MALDONADO-MEJIA

                                        OPINION BY
v.  Record No. 130204          JUSTICE DONALD W. LEMONS
                                      JANUARY 10, 2014
COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA

        In this appeal, we consider: (1) whether Carlyn

Maldonado-Mejia ("Maldonado-Mejia") was under indictment at

the time she sought to purchase a firearm; (2) whether she

intentionally and willfully provided false information on a

firearm purchase form in violation of Code § 18.2-308.2:2(K);

and (3) if not, whether the trial court erred in revoking her

active supervised probation under the terms of a "Disposition

Continuance Order" and finding her guilty of felony child

abuse and neglect.

                  I.  Facts and Proceedings Below

        On October 18, 2010, Maldonado-Mejia was indicted for

felony child abuse and neglect, in violation of Code §§ 18.2-

371.1(B) and 18.2-10.  On November 5, 2010, she was arraigned

in the Circuit Court of Spotsylvania County ("circuit court")

and waived reading of the indictment.  Maldonado-Mejia entered

into a plea agreement with the Commonwealth that among other

things provided:

                I further understand that, the Circuit
                Court will defer entry of any finding of
                guilt in this matter and will suspend the

> imposition of the sentence recommended in paragraph 8 of this agreement, pending my completion of the prescribed program(s). I understand that I will be placed on active, supervised probation. I understand that successful completion of the program will result in the dismissal of the charges enumerated in this document.

At her May 31, 2011 trial, Maldonado-Mejia made an Alford plea and presented the plea agreement to the circuit court. The circuit court accepted Maldonado-Mejia's guilty plea, entered it on the record, found facts sufficient to convict, but expressly withheld a finding of guilt.

In an order entitled "Disposition Continuance Order" the circuit court recited that the Commonwealth had:

> [A]gree[d] to recommend that the Court defer a finding of guilty for one year. During that period of time, the defendant shall keep the peace and be of good behavior; be placed on active supervised probation; and shall enter into and complete any and all programs set forth by the Department of Social Services. . . . If the defendant has kept the peace, been of good behavior and followed all other conditions of the order of this court, the treatment facility and probation, at the end of one year from this date, the Court shall dismiss the charge.

The circuit court placed Maldonado-Mejia on supervised probation and imposed conditions outlined by the plea agreement which included:

> Should the defendant fail to abide by the conditions of the plea agreement, she

2

shall be found guilty of a FELONY violation of 18.2-371.1(B) and sentenced to 5 years with all but 6 months suspended for a period of 5 years under the following conditions: keep the peace and be of good behavior; be placed on supervised probation upon her release; the Defendant will give a biological sample for DNA analysis pursuant to the Code of Virginia and cooperate fully in such procedure under the direction and supervision of her probation officer or a member of the Sheriff's Office; and waives her Fourth Amendment rights against unreasonable searches and seizures at any time and by any law enforcement officer during the period of 5 years from her release from any incarceration.

In July 2011, Maldonado-Mejia attempted to purchase a firearm.  She completed a Bureau of Alcohol, Tobacco, and Firearms form ("ATF form") which asked whether she was: "[u]nder indictment or information in any court of a felony, or any other crime, for which the judge could have imprisoned [her] for more than one year."  In response, Maldonado-Mejia clearly marked, "No."  The ATF form also asked, "Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?"  Maldonado-Mejia again marked, "No."

The state police investigated Maldonado-Mejia's application and discovered she had been indicted for child neglect.  On August 15, 2011, a Spotsylvania County grand jury

3

indicted Maldonado-Mejia for willfully and intentionally making a false statement on the ATF form.  In October 2011, she was tried and found guilty under Code § 18.2-308.2:2(K). Because this conviction violated the conditions of her supervised probation under the "Disposition Continuance Order", the circuit court also convicted and sentenced her on the earlier child neglect charge. Maldonado-Mejia was sentenced to five years with all but six months suspended on the child neglect charge and three months on the charge of providing false information to purchase a firearm.

Maldonado-Mejia appealed her convictions to the Court of Appeals of Virginia.  On October 10, 2012, the Court of Appeals issued a per curiam opinion holding that: 1) Maldonado-Mejia made a false representation on the ATF form, 2) the evidence was sufficient for the trial court to find that she intentionally lied on the ATF form, and 3) the evidence was sufficient for the trial court to find that she failed to comply with the conditions of the prior plea agreement in the child neglect case.  Thereafter, a three-judge panel of the Court of Appeals affirmed the per curiam opinion.

Maldonado-Mejia noted her appeal to this Court and we awarded an appeal on the following assignments of error:

1. The trial court erred by finding that Appellant provided false information on the U.S. Department of Justice Bureau of Alcohol, Tobacco, and Firearms (ATF) form to purchase a firearm, as she was not under indictment or information for a felony at the time of the incident. The Court of Appeals erred in affirming the trial court and finding that the Appellant remained under indictment when she filled out the ATF form.

2. The trial court erred by finding that Appellant acted intentionally and willfully, with criminal intent [sic] to make a false statement. The Court of Appeals erred in affirming the trial court and finding that Appellant acted intentionally and willfully.

3. The trial court erred by finding Appellant guilty of felony child neglect & abuse pursuant to the show cause, as the evidence was insufficient for a conviction on the False Statement charge. The Court of Appeals erred in affirming the trial court and finding the trial cou[r]t's decision was not plainly wrong or unsupported by evidence.

II.  Analysis

A. Standard of Review

Maldonado-Mejia's first assignment of error presents a legal question concerning the meaning of "under indictment." Such a question is reviewed de novo. Smith v. Commonwealth, 282 Va. 449, 453-54, 718 S.E.2d 452, 454 (2011).

For Maldonado-Mejia's second and third assignments of error, we review the sufficiency of the evidence in the light most favorable to the Commonwealth, and only reverse the trial court when its decision is plainly wrong or without evidence to support it. Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005).

5

B.  Maldonado-Mejia Remained "Under Indictment"

Maldonado-Mejia argues that her indictment was extinguished upon making an Alford plea on May 31, 2011.  She claims that an indictment is only intended to inform the criminal defendant of the nature and cause of the accusation against her and upon acceptance and entry of her plea agreement on the record she was no longer "under indictment." In support of this contention, Maldonado-Mejia cites two federal court decisions interpreting other states' laws.  The United States Court of Appeals for the Eighth Circuit noted in discussing a Missouri case, "[T]he primary purpose of an indictment or information is to give general notice to the defendant of the charge against him."  United States v. Hill, 210 F.3d 881, 883-84 (8th Cir. 2000) (quoting State v. Higdon, 774 S.W.2d 498, 500 (Mo. Ct. 1989)). See also United States v. Hartsfield, 387 F.Supp. 16, 17 (M.D. Fla. 1975).  However, these cases are distinguishable because they interpret statutory and common law schemes unique to Missouri and Florida.

For the resolution of this case we must look to Virginia law.  Code § 19.2-231 provides:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the

6

> court may permit amendment of such indictment, presentment or information, <u>at any time before the jury returns a verdict or the court finds the accused guilty or not guilty</u>, provided the amendment does not change the nature or character of the offense charged.

(Emphasis added.)

The practical import of this statute informs our holding that, in Virginia, Maldonado-Mejia remained under indictment until she was acquitted or convicted of the charge in the indictment.

The expressly stated effect of the June 13, 2011 order of the circuit court was to "defer . . . finding [Maldonado-Mejia] guilty for one year." Although the circuit court accepted Maldonado-Mejia's guilty plea and entered it on the record, this was not a formal adjudication of guilt. See Starrs v. Commonwealth, 286 Va. __, __, __ S.E.2d __, __ (2013)(this day decided)("We therefore conclude that the circuit court, upon accepting and entering Starrs' guilty pleas in a written order, still retained the inherent authority to withhold a finding of guilt, to defer the disposition, and to consider an outcome other than a felony conviction."). Consequently, Maldonado-Mejia was neither convicted nor acquitted of child neglect when she filled out the ATF form in July of 2011. She remained under indictment.

## C. Evidence of "Willfully and Intentionally"
## Making a Materially False Statement

Code § 18.2-308.2:2(K) provides:

> Any person willfully and intentionally
> making a materially false statement on the
> consent form required in subsection B or C
> or on such firearm transaction records as
> may be required by federal law, shall be
> guilty of a Class 5 felony.

We recently held that Code § 18.2-308.2:2(K) applies to ATF form 4473. Smith, 282 Va. at 454, 718 S.E.2d at 455.

In Smith, the defendant was arrested on a felony warrant charging him with possession of marijuana with intent to distribute. Id. at 452, 718 S.E.2d at 453. After his arrest and release on bond, Smith's attorney sent him a letter informing him that his case was certified to the grand jury and would be set for trial on term day — which was November 13th. Id.

On November 13, 2007, the grand jury indicted Smith for possession of marijuana with intent to distribute. Id. Two days later Smith attempted to purchase a firearm. He filled out an ATF form and clearly indicated that he was not "currently under indictment." Id. At the time Smith filled out the ATF form, he had not been contacted by his lawyer to notify him of his indictment and he had not been arraigned by the circuit court. Id. From this evidence, we concluded that while Smith knew his criminal indictment was forthcoming, he

8

did not know he was currently under criminal indictment when he filled out the ATF form.  Id. at 453, 718 S.E.2d at 455-56. Therefore, we held that he did not willfully and intentionally make a materially false statement on the firearm form. Id.

In Smith, we addressed Code § 18.2-308.2:2(K) and observed:

> "Willfully" is a word of many meanings whose construction often depends upon context. Bryan v. United States, 524 U.S. 184, 191 (1998). Judge Learned Hand has been quoted as observing, off the bench: "'willfully' . . . It's an awful word! It is one of the most troublesome words in a statute that I know." See United States v. Hayden, 64 F.3d 126, 129, n.5 (3d Cir. 1995).

Smith, 282 Va. at 455 n.1, 718 S.E.2d at 452 n.1.  We held: "[T]he Commonwealth [must] prove, beyond a reasonable doubt, as an element of the crime, that the defendant had actual knowledge that his statement was false when he made it. There must be evidence to support a finding that he knew the truth but nevertheless intended to, and did, utter a falsehood." Id. at 455, 718 S.E.2d at 455.

In contrast to the case presented against the defendant in Smith, there was sufficient evidence in the present case to support the circuit court's finding that Maldonado-Mejia knew she was under indictment when she completed the ATF form. Unlike Smith, Maldonado-Mejia had already been arraigned.  The

9

circuit court asked her whether she understood the nature of the crime with which she was charged and whether she wished to have the indictment read to her in its entirety. Maldonado-Mejia answered, "No, sir." Furthermore, at no point did the circuit court instruct her that she had been acquitted or convicted or that her indictment had been extinguished. Given the totality of the evidence we cannot say the circuit court's judgment was plainly wrong or without evidence to support it. Clark v. Commonwealth, 279 Va. 636, 640-41, 691 S.E.2d 786, 788 (2010); Code § 8.01-680.

D. The Conviction for Felony Child Neglect Was Proper

Because we affirmed Maldonado-Mejia's conviction under Code § 18.2-308.2:2(K), the circuit court did not err when it found that she violated the good behavior conditions of her supervised probation outlined in the "Disposition Continuance Order" entered June 13, 2011.

## III. Conclusion

For the reasons stated, we hold that the Court of Appeals did not err by affirming the judgments of the circuit court. We will affirm the judgment of the Court of Appeals.

Affirmed.


JUSTICE McCLANAHAN, with whom JUSTICE MIMS joins, concurring.

10

I concur in the judgment of the Court. With regard to the majority's discussion in Part II.B., however, I write separately to emphasize that the reason that there was no formal adjudication of guilt is because the terms of the plea agreement Maldonado-Mejia entered into with the Commonwealth provided for a deferred disposition. Specifically, the plea agreement stated that she would enter an Alford plea to the charge of felony child neglect and that an actual finding of guilt would not be made at the time of her May 31, 2011 hearing. Therefore, by accepting the terms of the plea agreement between Maldonado-Mejia and the Commonwealth, the circuit court continued the case for future disposition. Rule 3A:8(c)(3)(upon acceptance of plea agreement court shall inform defendant of its judgment and sentence will embody the disposition provided for in the agreement).

11