STATE of Missouri,
Plaintiff–Respondent,

v.

Maurice Dean HIGDON,
Defendant–Appellant.

No. 55417.

Missouri Court of Appeals,
Eastern District,
Division One.

June 6, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 11, 1989.

---

**2.** The exception to this rule is for homicide cases which is governed by a different standard.

Charles H. Billings, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Maurice Dean Higdon, appeals from his conviction, pursuant to a jury verdict, of sodomy. Section 566.060.3, RSMo (1986). He was sentenced to five years' imprisonment. We affirm.

The sufficiency of the evidence to sustain defendant's conviction is not challenged. Viewed in the light most favorable to the verdict, the evidence established that the victim, S.R., was defendant's stepdaughter.

She lived with her mother, defendant and three younger sisters.

S.R. was 12 years of age when the two incidents which formed the basis of defendant's conviction occurred. One incident occurred in the later part of 1984 and took place in defendant's bedroom. The other incident occurred in the early part of 1985 and also took place in the family home.

Defendant testified at trial. He admitted to the first sexual contact. His defense was that he had mistaken S.R. for his wife because S.R. was in his bed when he got into the bed late at night and that he had ceased all sexual activity when he discovered it was S.R. He denied any other sexual contact with S.R.

In his first point, defendant contends that the trial court abused its discretion by denying his motion for a bill of particulars. He argues that he was unable to prepare his defense because the indictment failed either to describe the specific act with which he was charged or to pinpoint the date when the act occurred.

The indictment returned by the Grand Jury read as follows:

The Grand Jurors of the County of St. Louis, State of Missouri, charges that the defendant in violation of Section 566.060, RSMo, committed the class B felony of sodomy, punishable upon conviction under Section 558.011, RSMo, in that between September 1, 1984 and March 1, 1985, at 1151 Northdale Avenue, County of St. Louis, State of Missouri, the defendant had deviate sexual intercourse with [S.R.], to whom defendant was not married, and who was then less than fourteen years old.

In Missouri the test for the sufficiency of an indictment is whether it states the essential elements of the offense charged so that defendant is adequately informed of the charge against him and the formal disposition of the charge will constitute a bar to further prosecution for the same offense. *State v. Evans*, 701 S.W.2d 569, 576 (Mo.App.1985).

Section 566.060.3 proscribes as the crime of sodomy "deviate sexual inter-

course with another to whom [defendant] is not married who is less than fourteen years old." The essence of the offense charged in the present case is the sexual act with a person under the age of fourteen. The indictment uses the language of the statute to define the act and to inform defendant of the charge against him. It is not necessary to detail how the crime of deviate sexual intercourse[1] was committed. *Evans*, 701 S.W.2d at 576. "The specific combination of body parts through which the sexual act is effected need not be particularized in order to enable the defendant to meet the charge and to bar further prosecution." *State v. Burch*, 740 S.W.2d 293, 295 (Mo.App.1987).

■ We also note that the indictment substantially follows the language of MACH–CR 20.08.2. Compliance with the approved charging forms satisfies the content requirements for an indictment or information. *See* Rule 23.01(e).

■ Defendant's challenge to the indictment on the basis that the time of the offense was not sufficiently stated is also without merit. The indictment identified the time span within which the crime occurred as between September 1, 1984 and March 1, 1985, a six month time period.

■ The primary purpose of an indictment or information is to give general notice to the defendant of the charge against him. *State v. Hoban*, 738 S.W.2d 536, 539 (Mo.App.1987). Rule 23.01 provides that the indictment or information shall state only the time of the offense charged "as definitely as can be done." Rule 23.-01(b)(3). The law does not demand impossible precision. The Rule assumes there will be situations where it will be impossible for the State to determine the exact date and time that a crime was committed and the indictment will charge an offense to have occurred during a span of time. *Hoban*, 738 S.W.2d at 539.

Here, the State could not have been more specific as to the dates of the occurrence. The young victim was unable to furnish the precise dates on which the alleged sexual conduct occurred. *See Id.*

In addition, time is not of the essence in a sodomy case. *Id.* at 539. In sodomy cases, indictments and informations containing general allegations of the time of the occurrence have been consistently approved. *See Id.* at 539–540. The lack of a specific date on which the crime was alleged to have been committed does not place an impossible burden on defendant, particularly in light of his defenses which consisted both of mistake and of a blanket denial of any sexual activity with S.R. *See Id.* at 540. Defendant's first point is denied.

■ In his second point, defendant asserts that the trial court erred in giving verdict directing Instructions Nos. 6, 7 and 8. The instructions submitted one count of sodomy to the jury in the alternative, with each instruction describing a different act which constituted the crime of sodomy. Defendant contends that these instructions gave the jury a roving commission to convict because the indictment didn't charge a specific act.

We note initially that there was no error in the verdict directing instructions on the basis that the indictment failed to charge a particular act. As discussed under Point I, it is not necessary that the indictment detail how the crime was committed.

■ We next address defendant's claim that it was error to submit the verdict directing instructions in the alternative when the testimony detailed two separate incidents over a six month period. Defendant argues, "Each act could have been separately charged by the State since each required proof of different facts." *See State v. Bowles*, 360 S.W.2d 706 (Mo.1962).

We agree that the charged conduct in each of the three instructions could have supported the State's submission of three separate crimes rather than of one crime in the alternative. Assuming that Instructions Nos. 7 and 8 were erroneously given, we find that defendant was not prejudiced

---

**1.** Section 566.010.1(2), RSMo (1986) defines deviate sexual intercourse as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person.

by the submission of these instructions. Defendant was convicted of one count of sodomy as it was submitted to the jury in Instruction No. 6. Instruction No. 6 was a proper pattern instruction which tracked MAI–CR 3d 320.08.2. Because the jury never reached Instructions Nos. 7 and 8, the jury was not adversely influenced by the submission of those instructions. Defendant's second point is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.