# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2207

_____

United States of America,

        Appellee,

v.

Arlando Hill,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*
\*

_____

Submitted:  December 14, 1999

Filed:  April 10, 2000

_____

Before BEAM and HEANEY, Circuit Judges, and KYLE,[1] District Judge.

_____

HEANEY, Circuit Judge.


Arlando Hill appeals the district court's denial of his motion to dismiss an indictment charging him with receiving a firearm shipped in interstate commerce while under indictment, in violation of 18 U.S.C. § 922(n) (1999).  We reverse.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

## I. Background

Hill was indicted in June 1998 for receiving a firearm shipped in interstate commerce while under indictment for a felony, in violation of 18 U.S.C. § 922(n). The predicate for the federal prosecution was Hill's state prosecution in St. Louis City Circuit Court for unlawful use of a weapon, in violation of Mo. Ann. Stat. § 571.030 (West Supp. 2000). Hill had pleaded guilty to the state charge, but the court suspended the imposition of sentence.

Hill moved to dismiss the federal charge, arguing he was no longer under indictment because he had pleaded guilty to the state charge. Pursuant to 28 U.S.C. § 636(b), the magistrate recommended the district court grant the motion, concluding Hill's guilty plea answered the January 1998 weapons charge and extinguished the indictment. The district court declined to dismiss the federal charge, stating, "In order for a court to maintain jurisdiction and the authority to punish a defendant where imposition of sentence is suspended, an indictment or some form of the original charge against defendant must still be extant in some form." The court subsequently found Hill guilty of violating § 922(n) and sentenced him to twenty-four months imprisonment and three years supervised release. Hill appeals.

## II. Discussion

We review de novo the district court's denial of Hill's motion to dismiss the federal charge. See United States v. Smith, 171 F.3d 617, 619 (8th Cir. 1999).

Section 922(n) prohibits any person "under indictment" from receiving a firearm shipped or transported in interstate commerce. "Indictment" is defined as "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." See 18 U.S.C. § 921(a)(14). We look to Missouri law to determine whether Hill was under indictment at the time of his

arrest.  See United States v. Chapman, 7 F.3d 66, 67-68 (5th Cir. 1993) (relying on Texas law to determine whether defendant was "under indictment").

Under Missouri law, Hill's suspended sentence is a "hybrid."  See State v. Bachman, 675 S.W.2d 41, 44-45 (Mo. Ct. App. 1984).  Following Hill's guilty plea, the state criminal proceedings were held in abeyance; although the court suspended the imposition of prison time, Hill was, as a probationer, subject to certain restraints on his freedom.  Meanwhile, the court retained jurisdiction to impose sentence if Hill violated the terms of his probation.   At the expiration of probation or upon its own order prior to expiration, the court could fully discharge Hill from its jurisdiction without entering a judgment of conviction. See id. at 45.  The suspended sentence thus provides courts with an alternative means of handling defendants worthy of lenient treatment by giving them "a chance to clear their records by demonstrating their value to society through compliance with conditions of probation under the guidance of the court." Yale v. City of Independence, 846 S.W.2d 193, 195 (Mo. 1993) (en banc).  Missouri law mandates closure of the official records of defendants who successfully complete their probation while on a suspended sentence. See Mo. Ann. Stat. § 610.105 (West Supp. 2000).

Hill's suspended sentence prevented the government from indicting him as a felon in possession under 18 U.S.C. § 922(g).   See 18 U.S.C. § 921(a)(20) ("conviction" under § 922(g) is determined by law of jurisdiction where proceedings were held); United States v. Solomon, 826 F. Supp. 1221, 1223-24 (E.D. Mo. 1993). The government urges that defendants like Hill who escape liability as "convicted" felons under § 922(g) must not be allowed to evade prosecution under § 922(n), and contends that the January 1998 weapons charge was not extinguished when Hill pleaded guilty.  We disagree.

Under Missouri law, "[t]he primary purpose of an indictment or information is to give general notice to the defendant of the charge against him." State v. Higdon, 774 S.W.2d 498, 500 (Mo. Ct. App. 1989).  The essence of the state-court indictment

against Hill, then, was an allegation that he committed certain acts criminalized by Missouri law. By entering a guilty plea, Hill admitted each allegation contained in the indictment. See State v. Armstrong, 433 S.W.2d 270, 272 (Mo. 1968) ("A plea of guilty is a confession of the truth of the facts stated in the information."). Its primary function satisfied, the indictment served no further purpose and was thus extinguished.

We also respectfully disagree with the district court that the indictment survived the guilty plea as a means of conferring continuing jurisdiction over Hill, necessary for the court to impose a sentence of prison time in the event that Hill violated the terms of his probation. Although the filing of a valid indictment is a prerequisite to the court's jurisdiction, see State ex rel. Morton v. Anderson, 804 S.W.2d 25, 27 (Mo. 1991) (en banc), Hill waived any objection to personal jurisdiction by appearing without objection, see State v. Parkhust, 845 S.W.2d 31, 35 n.4 (Mo. 1992) (en banc). Moreover, Mo. Ann. Stat. § 541.020 (West 1987) conferred upon the circuit court the power to hear and resolve Hill's felony case as well as the power to declare punishment and render judgment. See Searcy v. State, 981 S.W.2d 597, 598-99 (Mo. Ct. App. 1998). It is therefore clear that the circuit court was not deprived of its authority to impose a sentence of imprisonment upon Hill by virtue of the satisfaction of the indictment.

## III. Conclusion

We are aware our holding reveals a gap in the federal firearms laws. While we appreciate the need to keep firearms from the hands of dangerous offenders, we cannot rewrite Missouri law and hold that Hill was "under indictment" to save a prosecution under § 922(n). This is a problem properly addressed by Congress or the Missouri General Assembly.

Accordingly, the judgment is reversed.

-4-

BEAM, Circuit Judge, dissenting.

As the court admits, this opinion creates a gap that will make it harder to "keep firearms from the hands of dangerous offenders." Ante at 4. I think that the district court's analysis of the law is tenable and would close the purported loophole perceived by this criminal defendant. Thus, I would affirm the district court. Accordingly, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.