In re Leslie WILSON.

Leslie Wilson, Plaintiff,

v.

Cumis Insurance Society, Inc., and John D. Holmes, Prosecuting Attorney for Harris County Texas, In his Official Capacity only, Defendants.

Bankruptcy No. 91–41786.
Adversary No. 99–4077.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

June 13, 2000.

---

Keith Grayson, Little Rock, AR, for debtor.

Audrianna Grisham, Little Rock, AR, for Cumis Insurance Society.

David D. Coop, N. Little Rock, AR, Chapter 13 Trustee.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon John B. Homes Jr.'s Motion for Summary Judgment, filed on May 1, 2000, to which the plaintiff debtor responded on May 26, 2000.

In 1995, the debtor admitted to swindling over $89,500 from her employer during the period October 1988 through April 30, 1991. The debtor appeared before a state district court in Texas and agreed to pay restitution, and orders were entered reflecting the plea agreement and sentence. After she committed the criminal acts, but four years before she entered into the plea agreement, the debtor twice filed petitions for relief under chapter 13 of the Bankruptcy Code. Case Number 91–41544 was filed on June 27, 1991, in the Eastern District of Arkansas and voluntarily dismissed by the debtor on July 17, 1991. Accordingly, no discharge was granted in that case. Moreover, the debtor did not list either her employer or any Texas governmental units in her petition. The debtor's second chapter 13 case, Case Number 91–41786, was filed in the Eastern District of Arkansas jointly with her husband immediately after dismissal of the first case, on July 23, 1991. Although the plan was modified at least six times,[1] and motions to add creditors were filed and allowed, no governmental unit or any individual working in any Texas criminal court system was ever scheduled or listed with regard to this second bankruptcy case. The debtor received her discharge on December 4, 1996, and the case was closed on December 10, 1996.

On March 9, 1998, the debtor was arrested for failing to pay the restitution as ordered by the 337th District Court in Houston, Texas. The debtor appeared in the Texas court on March 19, 1998, and thereafter, on March 27, 1998, filed her third chapter 13 petition in the Eastern District of Arkansas. This time the debtor listed the Texas authorities on her schedules. The debt was listed as "disputed" and no reference in the plan was made to

---

1. The final modification was not a true modification of the plan, but, rather, sought immediate discharge.

the debt. The plan, confirmed on July 13, 1998, without objection, provided that unsecured creditors would be paid *pro rata* from the plan payments, made no explicit reference to any particular debt, and provided that disputed debts would not be paid.

The Texas authorities continued with their efforts to enforce the state court orders in the criminal case, prompting the debtor's attorney to write letters to the district attorney and the state court judge. The letters asserted, without any supporting information, that the restitution debt had been discharged in a prior bankruptcy. In order to finally determine whether the debt was discharged, the debtor was permitted to reopen her 1991 chapter 13 case and file this adversary proceeding seeking determination of the dischargeability of the restitution debt. All of the defendants answered the complaint and the defendant Holmes now moves for summary judgment, asserting that, as a matter of law, the debt was not discharged pursuant to section 1328(a)(3) and that the debtor is judicially estopped from asserting that the claim of the Texas authorities was discharged in the case.[2]

■ The Bankruptcy Code provides in pertinent part:

(a) As soon as practicable after completion by the debtor of all payments under the plan ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

\* \* \*

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328(a)(3). The debtor argues that since there was never entered any judgment of conviction by the Texas court, that the section is inapplicable.

■ Generally, the criminal courts in Texas have three alternatives before them when a defendant pleads guilty or *nolo contendere* to a crime. The court may sentence the defendant to a prison term, may suspend the sentence and place the defendant on probation, or may place the defendant on deferred adjudication probation. *See generally* Tex.Code Crim. Proc. Ann. Arts. 42.09 § 1, 42.12 §§ 3(a), 5(a). The purpose of deferred adjudication in Texas is to allow the trial court the flexibility to defer adjudication for deserving defendants when the best interests of society and the defendant will be served. *Reed v. State*, 644 S.W.2d 479, 483 (Tex.Crim.App. 1983). In this manner, the courts are also able to conserve scarce judicial and prosecutorial resources. *Id.; see United States v. Hill*, 210 F.3d 881 (8th Cir.2000)(same, under Missouri law). The deferred adjudication statute, in effect at the time of the debtor's plea, provides:

[W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of *nolo contendere*, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.

Texas Code Crim. Proc. Ann. Art. 42.12 § 1 (1985).

■ The primary question before the Court is whether this procedure constitutes a "sentence on the debtor's conviction of a crime" such that the debt is rendered nondischargeable. Since the Court is applying a federal statute, *i.e.*, the Bankruptcy Code, whether a conviction exists is a question of federal law. *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *United States v. Millender*, 811 F.2d 476 (8th Cir.1987)(per curiam). A similar issue was presented to the Su-

---

**2.** Inasmuch as the proceeding is resolved upon an analysis of section 1328, the Court need not address defendant's argument that judicial estoppel precludes discharge of the debt.

preme Court in *Dickerson* where it was determined that a plea of guilty, plus a recordation of that by the state court, was a "conviction" for purposes of the gun control laws, even though the conviction was later expunged following successful probation. The Court further noted that the plea of guilt alone may be sufficient to constitute a conviction because the plea itself is· a conviction; it is conclusive. *Dickerson,* 460 U.S. at 112–13, 103 S.Ct. 986. The Supreme Court concluded that Congress did not intend for the term conviction, as used in title 18, to apply only to those against whom formal judgment had been entered. *Id.* at 113, 103 S.Ct. 986. Indeed, as the Eighth Circuit Court of Appeals has noted, the normal meaning of the term convicted is "that criminal proceeding where guilt is determined, either by verdict or plea." *United States v. Woods,* 696 F.2d 566, 570 (8th Cir.1982)(citing *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)(voluntary plea of guilty is a conviction)).

This Court has no reason to believe that this analysis is any less conclusive in the bankruptcy context. Indeed, it is clear that Congress meant for section 1328(a)(3) to apply to preclude a debtor from discharging debts arising from crime. The fact that there is no written adjudication, *i.e.,* formal entry of judgment, is due merely to the special provisions of Texas statutory law and procedure, a procedure intended as a benefit to the debtor. Further, law enforcement, including its punishment phase, should not hinge on the outcome of the admitted felon's probation terms. Indeed, to hold debtor's refusal to comply with the terms of her probation against the state would not only conflict with the intent and language of the statute, but with the any notion of justice. Thus, for purposes of section 1328(a) of the Bankruptcy Code, the debtor not only pleaded guilty, but has been convicted of a crime and ordered to pay a restitution debt which, under the Bankruptcy Code,

could not be discharged in this bankruptcy case, No. 91–41786. Accordingly, it is

**ORDERED** John B. Homes Jr.'s Motion for Summary Judgment, filed on May 1, 2000, is GRANTED.

**IT IS SO ORDERED.**