FILED
United States Court of Appeals
Tenth Circuit

August 18, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GABRIEL ANTHONY SAIZ,

Defendant-Appellant.

No. 14-2151

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 2:13-CR-01671-RB-2)**

Aric G. Elsenheimer, Assistant Federal Public Defender, Office of the Federal Public Defender, Albuquerque, New Mexico, for Appellant.

David N. Williams, Assistant United States Attorney (Damon P. Martinez, United States Attorney, with him on the brief), Office of the United States Attorney, Albuquerque, New Mexico, for Appellee.

Before **LUCERO**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

Federal sentencing guidelines increase the presumptive sentences of persons who commit certain federal firearms offenses while also "under indictment" for other state or federal offenses. Gabriel Saiz was convicted on two

counts of unlawful firearm possession. *See* 18 U.S.C. §§ 922(k), 924(a)(1)(B); 26 U.S.C. §§ 5841(a), 5845(a)(3), 5861(d), 5871. He was given an enhanced sentence because at the time of his offenses he was on probation for several state crimes in New Mexico. After he had pleaded guilty to the state charges, they were conditionally discharged under state law, which meant that if he completed a term of probation they would be dismissed.

He argues that he was not eligible for an enhanced sentence for purposes of the United States Sentencing Guidelines (USSG) because being subject to a conditional discharge does not count as being "under indictment." We disagree and conclude that an offender subject to conditional discharge is still under indictment until the condition is met—completion of the term of probation.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Background

Saiz pleaded guilty to burglary, larceny, and battery in a New Mexico state court in 2011. At sentencing the court entered a conditional discharge order, under which Saiz was placed on probation without being adjudicated guilty of the crimes. *See* N.M. Stat. Ann. § 31-20-13(A).[1] Under New Mexico law, if the

---

[1] Section 31-20-13(A) states,

When a person who has not been previously convicted of
(continued...)

defendant subject to conditional discharge violates the terms of probation, the conditional discharge is withdrawn and the court can impose a finding of guilt. *Id*. § 31-20-13(B).[2]  But completing the period of probation results in "the eradication of the guilty plea or verdict and there is no conviction." *State v. Fairbanks*, 82 P.3d 954, 958 (N.M. Ct. App. 2003).  Saiz's conditional discharge specified that "without an adjudication of guilt, further proceedings will be deferred and the charges will be discharged after three (3) years on the condition that Defendant . . . successfully complete supervised probation for a period of three (3) years."  R., Vol. 1 at 74.

In 2012, while still on state probation, Saiz committed the federal offenses at issue in this case.  He pleaded guilty.  At sentencing the district court held Saiz qualified as a "prohibited person" within the meaning of § 2K2.1(a)(4)(B) of the Guidelines.  Prohibited persons include anyone described in 18 U.S.C. §§ 922(g) or 922(n).  USSG § 2K2.1 cmt. n.3.  Section 922(n) includes "any person who is

---

[1](...continued)
> a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation on terms and conditions authorized by Sections 31-20-5 and 31-20-6 NMSA 1978.  A conditional discharge order may only be made available once with respect to any person.

[2]  Section 31-20-13(B) states, "If the person violates any of the conditions of probation, the court may enter an adjudication of guilt and proceed as otherwise provided by law."

under indictment for a crime punishable by imprisonment for a term exceeding one year."[3]  The statute elsewhere defines "indictment" to include "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted."  18 U.S.C. § 921(a)(14).

Over Saiz's objection, the district court reasoned that he was "under indictment" for the state crimes as long as he was subject to the terms of conditional discharge and, therefore, had been under indictment when he committed the federal crimes in 2012.  After adding two sentencing enhancements and a reduction for acceptance of responsibility, the district court computed a Guidelines range of seventy to eighty-seven months' imprisonment.  Had Saiz not qualified as a prohibited person, his resulting Guidelines range would have been fifty-seven to seventy-one months.  The court departed downward, sentencing Saiz to sixty months in prison.

## II.  Analysis

Saiz challenges the district court's conclusion that he was a "prohibited person" under the Guidelines.  He argues that a defendant subject to a conditional

---

[3]  In full, § 922(n) provides,

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

discharge order in New Mexico is not "under indictment" within the meaning of § 922(n). He asserts that an indictment dissipates when the defendant pleads guilty in state court and the court imposes probation and conditional discharge.

A defendant who receives conditional discharge under New Mexico law is "neither 'adjudicated guilty' nor 'convicted.'" *State v. Herbstman*, 974 P.2d 177, 183 (N.M. Ct. App. 1998); *see also State v. Harris*, 297 P.3d 374, 375 (N.M. Ct. App. 2013) (holding the "general rule [is] that a conditional discharge order [does] not serve as a 'conviction' unless a particular statute so state[s]"). "[C]harges are dismissed" once a defendant subject to a conditional discharge order completes probation. *Fairbanks*, 82 P.3d at 957. The charges in an indictment are not extinguished upon the guilty plea or verdict. Instead, they remain in suspension until the defendant completes his term of probation. If the defendant violates the conditions of probation, the court is entitled to "enter an adjudication of guilt" on the charges without any other formal process. *See* N.M. Stat. Ann. § 31-20-13(B). The language of the order imposing Saiz's conditional discharge is consistent with these principles, affirming that "without an adjudication of guilt, . . . the charges will be discharged" *after* completing probation. R., Vol. 1 at 74. Thus, Saiz remained under indictment in New Mexico at the time he committed the federal firearms offenses at issue here because the charges were never dismissed.

Other jurisdictions have reached the same conclusion. Interpreting an analogous Texas statute,[4] the Fifth Circuit held that a "defendant who is on probation pursuant to a deferred adjudication of a felony charge remains, as a matter of law, under indictment" within the meaning of § 922(n). *United States v. Valentine*, 401 F.3d 609, 611 (5th Cir. 2005). The court reasoned that the statutory scheme "leaves a defendant with a 'pending charge'" and "without an adjudication of guilt or 'conviction.'" *Id*. at 615. Similarly, a district court persuasively concluded that because a deferred sentence in Oklahoma "does not end criminal proceedings" and "leaves a charge pending," the defendant remains "under indictment" until completing the deferred sentence. *United States v. Larkins*, No. 13-CR-172-CVE, 2013 WL 6498068, at *5 (N.D. Okla. Dec. 11, 2013) (unpublished). And the Virginia Supreme Court held a defendant who was subject to similar conditions was "under indictment" because she had been "neither convicted nor acquitted" of her conditional charge. *Maldonado-Mejia v. Commonwealth*, 752 S.E.2d 833, 836 (Va. 2014). As with Saiz, the entry of her guilty plea to the conditional charge was "not a formal adjudication of guilt." *Id*.

Saiz's argument is not without support, however. He points to *United States v. Hill*, 210 F.3d 881 (8th Cir. 2000). In that case, the Eighth Circuit

---

[4] In Texas, "when in the judge's opinion the best interest of society and the defendant will be served, the judge may . . . defer further proceedings without entering an adjudication of guilty, and place the defendant on community supervision." Tex. Code Crim. Proc. Ann. art. 42.12, § 5.

considered a Missouri law under which "criminal proceedings [can be] held in abeyance" after the defendant pleads guilty and the court will "suspend[] the imposition of prison time" during a term of probation. *Id*. at 883. The court retains "jurisdiction to impose sentence if [the defendant violates] the terms of his probation." *Id*. The Eighth Circuit concluded a defendant is *not* under indictment while subject to these conditions because "[u]nder Missouri law, 'the primary purpose of an indictment or information is to give general notice to the defendant of the charge against him.'" *Id*. at 884 (brackets omitted) (quoting *State v. Higdon*, 774 S.W.2d 498, 500 (Mo. Ct. App. 1989)). And once the defendant admits to the counts in the indictment by entering a guilty plea, the indictment's "primary function" is satisfied and it is "extinguished." *Id*. Saiz notes that in New Mexico, as in Missouri, the purpose of an indictment "is to furnish the accused with such a description of the charge against him as will enable him to prepare a defense." *State v. Stephens*, 601 P.2d 428, 431 (N.M. 1979), *overruled on other grounds by State v. Contreras*, 903 P.2d 228 (N.M. 1995).

The district court distinguished *Hill*, seeing a difference between conditionally dismissing charges under New Mexico law and suspending a sentence under Missouri law. The court suggested that in the former circumstance, the charges themselves are contingent on the defendant's future conduct, while in the latter circumstance, charges are no longer pending and the defendant's future conduct only determines whether a sentence is actually

-7-

imposed.  But as the Eighth Circuit explained, "the [Missouri] court could fully

discharge [the defendant] from its jurisdiction without entering a judgment of

conviction" after he completed probation.  *Hill*, 210 F.3d at 883 (citing *State v.*

*Bachman*, 675 S.W.2d 41, 45 (Mo. Ct. App. 1984)).  Thus, the  Missouri statute

and the New Mexico statute are more or less identical.

Nonetheless, we disagree with *Hill*.  Although it is true that an indictment's

purpose is to inform a defendant of the charges against him, we find no support

for the proposition that a defendant is no longer subject to an indictment after he

pleads guilty and before he is adjudged guilty.  To the extent that a conditional

discharge puts off a finding of guilt, it simply prolongs the life of the indictment.

A holding to the contrary would be incongruous with the requirement that

"charges" are only "dismissed" when the defendant completes the probationary

period, *Fairbanks*, 82 P.3d at 957, as well as the fact that the defendant is never

convicted unless he violates the terms of release, *Herbstman*, 974 P.2d at 183.  If

the indictment dissipated at the time of the guilty plea, there would be no more

charges to dismiss and no chance of a future conviction.[5]  The statutory scheme

---

[5]  Indeed, Saiz acknowledges "Congress intended to narrowly circumscribe
the term 'under indictment' to apply to the period of time during which charges
contained in an indictment may be prosecuted and . . . *this period of time expires*
*when the charges are dismissed or the conviction becomes final*."  Aplt. Br. at 6
(emphasis added).  Elsewhere, he concedes that an indictment "has no legal effect
once a person is convicted and a judgment entered."  Reply Br. at 5.  That is the
point.  The plain language of the statute indicates, and New Mexico case law
unequivocally holds, that a defendant who is subject to conditional discharge is
(continued...)

-8-

exists precisely to give a defendant a chance to avoid a finding of guilt, while preserving the threat posed by the indictment until the completion of probation.[6] Likewise, we reject Saiz's reliance on *United States v. Hartsfield*, which found that "[*o*]*nce there has been a 'conviction,'* the indictment or information becomes superfluous in a practical sense, as the *guilt of the accused has been determined and he no longer can be tried on the indictment or information*." 387 F. Supp. 16, 17 (M.D. Fla. 1975) (emphases added). Whatever the merits of that court's interpretation of Florida law, New Mexico courts have stated that persons granted conditional discharge are "neither 'adjudicated guilty' nor 'convicted.'" *Herbstman*, 974 P.2d at 183.

We similarly reject Saiz's reliance on *State v. Durant*, 7 P.3d 495, 499 (N.M. Ct. App. 2000). In that case, the New Mexico Court of Appeals held that a conditional discharge order is a final order for purposes of an appeal. According

---

[5](...continued)
*not* convicted and there is *no* judgment until he violates the terms of probation. And the charges are *not* dismissed until probation ends. The indictment lives at least until that time.

[6] For the same reason, we are unpersuaded by Saiz's other observations about the purposes of an indictment. He asserts that an indictment triggers the court's jurisdiction and establishes *res judicata* so that the defendant cannot be charged later for the same offense. He claims that because these purposes are fulfilled once the defendant enters a guilty plea, the plea signals the "end of the charging phase." Aplt. Br. at 2. But regardless of whether these particular purposes are fulfilled when the defendant pleads guilty, the fact remains that under New Mexico law the defendant is not convicted until he violates probation and the charges remain in place until he completes probation.

to Saiz, *Durant* proves that a conditional discharge order resolves all issues of fact and law, at which point the indictment is extinguished.  But to the contrary, *Durant* underscores the point that a conditional discharge order is *not* a conclusion to the proceedings below.  The court reasoned that although an order is typically final for purposes of an appeal when "the case [is] disposed of by the trial court to the fullest extent possible" ("the 'last act' rationale"), there is an "exception . . . when the consequences of the order . . . are sufficiently severe that the aggrieved party should be granted a right to appeal to alleviate hardship that would otherwise accrue if the appeal were delayed."  *Id*. at 498.  A conditional discharge is one such exception because it may affect the defendant's status under the "habitual offender" statute and lead to enhanced sentences for subsequent offenses.  *Id*. at 499; *see also* N.M. Stat. Ann. § 31-18-17; *State v. Merhege*, No. 32,461, 2014 WL 2442027, at \*3 (N.M. Ct. App.  May 22, 2014) ("[A] contrary result would effectively immunize the proceedings at trial from appellate review . . . .").  By recognizing this as an exception to the "last act" rationale, *Durant* reaffirms that a conditional discharge order does not dispose of a case to the fullest extent possible.  The fact that defendants may appeal to avoid the inherent hardships of conditional discharge is consistent with the fact that they are still subject to charges that have not yet been adjudicated.  It is also consistent with the language of Saiz's conditional discharge order, stating that "further proceedings will be deferred."  R., Vol. 1 at 74.

Saiz's remaining arguments regarding legislative intent and history are also unavailing. First, he asserts that the legislative history and intent behind § 922(n) counsels that "indictment" be construed narrowly. Specifically, he claims that because "indictment" is defined as an indictment or information for which an eligible crime "*may* be prosecuted," 18 U.S.C. § 921(a)(14) (emphasis added), the indictment only has force until the prosecution ends. But even if this reading is correct, he offers no reason to believe that the prosecution ends when the defendant pleads guilty and receives a conditional discharge. On the contrary, the fact that the government can later petition the court to enter a conviction for the original offense once the defendant has violated probation demonstrates that the prosecution has not ended.

Second, he notes that prohibited persons include not only those described in § 922(n), but also those described in § 922(g). *See* USSG § 2K2.1 cmt. n.3. Section 922(n) prohibits persons under indictment from shipping, transporting, or receiving firearms, but does not bar possession of a firearm. In contrast, § 922(g) prohibits certain other persons, including those who have been convicted of felonies, from shipping, transporting, receiving, or *possessing* firearms. In light of this difference, Saiz argues that "under indictment" must be read narrowly because Congress intended to limit restrictions on gun owners who have not yet been convicted. He appears to suggest that because § 922(n) does not prohibit a person under indictment from possessing a firearm, a person convicted of

-11-

possessing a firearm is not "under indictment" within the meaning of that statute.[7]

He also points to some other sections of federal firearms legislation to advance a narrow reading of "under indictment."

But none of these sections is as informative as the express statutory definition of "under indictment": "[t]he term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14). We must look to state law to determine whether Saiz's circumstances satisfied that broad definition. *Hill*, 210 F.3d at 883; *see also United States v. Chapman*, 7 F.3d 66, 67–68 (5th Cir. 1993) ("The federal firearms statute defers to state law on the definition of 'conviction.' . . . . Under Texas law, . . . [Defendant] remained 'under indictment' during the appeal of his conviction."). For the reasons discussed above, it is clear that New Mexico considers defendants who are subject to conditional discharge to remain under indictment until probation expires.

---

[7] Although Saiz was convicted only of possession, he does not argue that § 922(n) is inapplicable because he *was* under indictment but *was not* barred from possessing a firearm under the statute. Rather, he consistently argues that he was not under indictment. This is because, as Saiz conceded at oral argument, there were factual predicates suggesting he had also *received* a firearm that had been transported in interstate or foreign commerce. We do not suggest that a person who is under indictment and merely possesses a firearm is prohibited within the meaning of § 922(n).

## III. Conclusion

For the foregoing reasons, we AFFIRM the sixty-month sentence imposed by the district court.