RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0029p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 24-1735

CARMELLO ANTHONY ROLON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:24-cr-00032-1—Jane M. Beckering, District Judge.

Decided and Filed:  January 30, 2026

Before:  SUTTON, Chief Judge; STRANCH and LARSEN, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:**  Juni S. Ganguli, GANGULI LAW FIRM, Memphis, Tennessee, for Appellant. John J. Schoettle, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

───────────────

**OPINION**

───────────────

SUTTON, Chief Judge.  Michigan charged Carmello Anthony Rolon, then eighteen years old, with a state-law felony.  Rolon pleaded guilty and the court, instead of entering a judgment, placed him in a Michigan diversion program for youthful offenders that left the original charge in place while permitting the court to enter a judgment of conviction at any time if Rolon failed to satisfy the requirements of the program.  Rolon committed a federal gun crime while still in the diversion program.  In sentencing him, the district court increased his offense level because

he was still "under indictment" due to his pending status as a participant in the Michigan diversion program. We agree and affirm.

I.

In 2022, Rolon pleaded guilty in a Michigan court to an information charging him with one count of carrying a concealed weapon without a license, a felony punishable by up to five years in prison. Information, *People v. Rolon*, Case No. 22-000543-FH (Mich. 30th Jud. Cir. Ct. July 25, 2022); *see Robinson v. Woods*, 901 F.3d 710, 712 n.1 (6th Cir. 2018) (noting that we can take judicial notice of proceedings in other courts of record); Mich. Comp. Laws § 750.227. The court took Rolon's guilty plea, and, on October 10, 2022, "deferred" "conviction" and "judgment of guilt" pursuant to the Holmes Youthful Trainee Act, Mich. Comp. Laws §§ 762.11–762.15, a diversion program for youthful offenders in Michigan. Judgment of Sentence, *People v. Rolon*, Case No. 22-000543-FH (Mich. 30th Jud. Cir. Ct. Oct. 10, 2022). Rolon instead began an eighteen-month term of probation, which would result in the dismissal of his charges if he successfully completed the program. Order of Probation, *People v. Rolon*, Case No. 22-000543-FH (Mich. 30th Jud. Cir. Ct. Oct. 10, 2022).

It did not take long, unfortunately, before Rolon had another run-in with the police. In 2023, while he was still on probation, Rolon drew the attention of police when an investigation of an ongoing gang war led police to photos and videos that Rolon posted on social media of him holding guns. On January 23, 2024, police officers in Lansing executed a search warrant for Rolon's home. They found a loaded Glock 19 pistol with an obliterated serial number. Rolon admitted that the gun was in his possession and that he knew it lacked a serial number.

On February 22, the Michigan court revoked Rolon's participation in the diversion program. Order for Discharge from Probation, *People v. Rolon*, Case No. 22-000543-FH (Mich. 30th Jud. Cir. Ct. Feb. 22, 2024).

On March 7, a federal grand jury indicted Rolon for possessing a firearm with an altered serial number. 18 U.S.C. § 922(k). Rolon pleaded guilty to the charge. At sentencing, the district court accepted the presentence investigation report's conclusion that Rolon's offense level should be increased because he possessed the gun while a "prohibited person." R.44 at 5–

10; R.33 at 12, 26–27; U.S.S.G. § 2K2.1(a)(4)(B).  Rolon qualified as a "prohibited person," the court reasoned, because his status in the state diversion program meant that the 2022 information charging him with a state felony "remained pending" when the police caught him with an illegal gun in January 2024.  R.44 at 10.  The court calculated a sentencing guidelines range of 51 to 60 months and sentenced him to 48 months.

## II.

On appeal, Rolon argues that his participation in the Michigan diversion program did not leave him "under indictment" and, as a result, the court should not have increased his offense level as a "prohibited person."  *See* U.S.S.G. § 2K2.1(a)(4)(B); 18 U.S.C. § 922(n).

## A.

The sentencing guideline used for firearms charges raises a defendant's offense level if his offense involved (1) "a semiautomatic firearm that is capable of accepting a large capacity magazine" and (2) the "defendant [] was a prohibited person at the time" of the offense. U.S.S.G. § 2K2.1(a)(4)(B).  The associated commentary explains that a "'prohibited person' means any person described in 18 U.S.C. § 922(g) or § 922(n)."  *Id.* § 2K2.1 cmt. 3. Section 922(g) reaches a variety of situations, such as convicted felons, while § 922(n) covers "any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(n).  An "'indictment' includes an . . . information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted."  *Id.* § 921(a)(14).

Under the Holmes Youthful Trainee Act, an individual who committed a crime between ages 18 and 26 may "plead[] guilty" to a criminal offense and, instead of "entering a judgment of conviction," the trial court may "assign that individual to the status of youthful trainee."  Mich. Comp. Laws § 762.11(2).  "A defendant assigned to youthful trainee status may, depending on the possible sentence for the underlying offense, serve up to three years in custodial supervision, up to one year in the county jail, or up to three years on probation."  *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 494 (6th Cir. 2007) (citing Mich. Comp. Laws § 762.13).  The Act clarifies

that an "assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime." Mich. Comp. Laws § 762.14(2).

While a trainee, the defendant's criminal case remains pending and the defendant serves a term of probation or custody. *Id.* § 762.13. After successfully completing the term, "the court shall discharge the individual and dismiss the proceedings." *Id.* § 762.14(1). While the trainee remains in the program, however, the trial court "may at its discretion revoke [trainee] status any time before the individual's final release." *Id.* § 762.12(1). If that happens, "an adjudication of guilt is entered, and a sentence is imposed." *Id.* § 762.12(3). The Act adds that an individual who completes the diversion program and is released from youthful trainee status "shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee." *Id.* § 762.14(2). "The public policy behind the [Act]," we have said, "is clear: to give youthful offenders a chance to wipe their records clean provided that they do not violate their status as 'youthful trainees.'" *Adams v. United States*, 622 F.3d 608, 611 (6th Cir. 2010).

Rolon's participation in the diversion program meant that he was "under indictment" and thus a "prohibited person" for federal firearms purposes. On July 25, 2022, Michigan filed an information charging Rolon with one count of carrying a concealed weapon, Information, *People v. Rolon*, Case No. 22-000543-FH (Mich. 30th Jud. Cir. Ct. July 25, 2022), a crime "punishable" by up to five years in prison, Mich. Comp. Laws § 750.227(3). That placed him "under indictment" because he was subject to an "information . . . under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14).

Rolon remained "under indictment" when officers caught him with a defaced firearm in violation of federal law in January 2024. By that point, the Michigan judge had not "enter[ed] a judgment of conviction." Mich. Comp. Laws § 762.11. Instead, under the Holmes Youthful Trainee Act, the state court assigned Rolon to youthful trainee status and deferred conviction and entry of judgment. Order of Probation, *People v. Rolon*, Case No. 22-000543-FH (Mich. 30th Jud. Cir. Ct. Oct. 10, 2022); Judgment of Sentence, *People v. Rolon*, Case No. 22-000523-FH (Mich. 30th Jud. Cir. Ct. Oct. 10, 2022); *see also* Mich. Comp. Laws § 762.11. He remained in that status, supervised by probation, when he possessed the illegal gun.

Rolon's trainee status left him "under indictment." Nothing dissolved or withdrew the original information filed by Michigan prosecutors. Nor had the court entered any judgment on it. As Rolon acknowledges, "the charge remain[ed] pending." Appellant's Br. 8. Rolon does not point to anything in the record indicating that the information was dismissed or lapsed. Had he completed the trainee program successfully, the Michigan court would have "dismiss[ed] the proceedings." Mich. Comp. Laws § 762.14(1). But while Rolon was still a trainee, the Michigan court could at "any time" revoke that status and "enter an adjudication of guilt" under the original information. *Id.* § 762.12(3); *see also People v. Trinity*, 471 N.W.2d 626, 627 (Mich. Ct. App. 1991).

Any such conviction would come under the original information. Michigan law does not require a new information. A court's "discretion[ary]" revocation of the trainee program at "any time," Mich. Comp. Laws § 762.12(1), "will automatically result in a conviction and sentencing," *Carr v. Midland Cnty. Concealed Weapons Licensing Bd.*, 674 N.W.2d 709, 713 (Mich. Ct. App. 2003). When that happens, the prosecution proceeds "on the original information, because the assignment to youthful trainee status merely acts to suspend the criminal proceedings." *Trinity*, 471 N.W.2d at 627; *see also* Mich. Ct. R. 6.112(B) ("A prosecution must be based on an information or an indictment."); *People v. Herron*, 628 N.W.2d 528, 539 (Mich. 2001).

Rolon, in short, faced an active felony charge without a judgment of guilty or not guilty when he possessed the illegal gun. His guilty plea was held open while he participated in the diversion program, and the guilty plea and information would be dismissed if he successfully completed the program. *See Doe*, 490 F.3d at 494.

Other circuits have reached the same conclusion in analyzing similar state programs. In *United States v. Saiz*, the Tenth Circuit considered whether a defendant was "under indictment" for § 922(n)'s purposes with respect to a New Mexico diversion program in which the defendant pleaded guilty and "the [state] court entered a conditional discharge order, under which [the defendant] was placed on probation without being adjudicated guilty of the crimes." 797 F.3d 853, 854 (10th Cir. 2015). The court answered yes. *Id.* at 856. As Judge Tymkovich explained, "[t]he charges in an indictment are not extinguished upon the guilty plea" because, "[i]f the

indictment dissipated at the time of the guilty plea, there would be no more charges to dismiss and no chance of a future conviction" if the individual failed to satisfy the requirements of the diversion program. *Id.* at 856–57. New Mexico's diversion program, like Michigan's, "simply prolongs the life of the indictment." *Id.* at 857.

The Fifth Circuit took a similar approach in *United States v. Valentine*, 401 F.3d 609 (5th Cir. 2005). At issue was a Texas diversion program in which the defendant pleaded guilty and received "deferred adjudication" while on probation. *Id.* at 612, 614–15. Because the "deferred adjudications leave a charge pending against the defendant," the court held that they leave the defendant "under indictment." *Id.* at 616. We agree.

## B.

Rolon sees things differently. He insists that, while on probation as part of the youthful trainee program, he was "already serving a sentence" and thus "[t]he indictment" must have been "extinguished." Appellant's Br. 10. But that characterization of the program contradicts Michigan law, which says that the "assignment of an individual to the status of youthful trainee . . . is not a conviction for a crime." Mich. Comp. Laws § 762.14(2). The information lives on to permit the trial court to enter judgment on the guilty plea on the original information if the trainee commits a crime or the court elects to revoke the program at its discretion. *See Trinity*, 471 N.W.2d at 627.

Rolon points to case law treating Michigan youthful offender status as a conviction in other contexts. We have said that pleading guilty under Michigan's youthful trainee program, to use one example, "qualifies as a prior conviction for federal sentencing purposes" when determining a defendant's criminal history. *See Adams*, 622 F.3d at 612. But that does not change anything. That setting and today's setting, we have explained, involve "two *different* issues." *United States v. Thompkins*, No. 21-2904, 2022 WL 3151810, at *3 (6th Cir. Aug. 8, 2022) (applying law-of-the-case doctrine). Whether participating in the trainee program qualifies as being "under indictment" for substantive criminal liability under 18 U.S.C. § 922(n) does not depend on whether a "[Holmes Youthful Trainee Act] guilty plea qualified as a

'conviction' for purposes of the federal sentencing Guidelines." *Id.* Those are "two distinct questions." *Id.*

Michigan law draws the same distinction. A "[c]onviction" includes "[a]ssignment to youthful trainee status" when calculating a defendant's criminal record under Michigan's sentencing scheme. Mich. Comp. Laws § 777.50(4)(a)(i); *see Adams*, 622 F.3d at 612; *Thompkins*, 2022 WL 3151810, at *2 n.1. But that status does not count as "a conviction for a crime" for other purposes. Mich. Comp. Laws § 762.14(2). Because we must look to state law to determine whether a defendant has a previous "conviction" for criminal liability under § 922(g), 18 U.S.C. § 921(a)(20), the reality that Michigan does not treat trainee status as a conviction for criminal liability purposes indicates that a trainee remains "under indictment" for liability under § 922(n). Michigan courts agree that the diversion program merely "suspend[s] the criminal proceedings" so that a conviction after a defendant violates the terms of the program comes "on the original information," which remained pending. *Trinity*, 471 N.W.2d at 627.

This distinction also makes sense. Michigan created the youthful trainee program to "give youthful offenders a chance to wipe their records clean." *Adams*, 622 F.3d at 611. For these reasons, Michigan law, together with federal law, does not burden trainees who successfully complete the program with the loss of privileges and expanded criminal liability associated with a felony "conviction." But at the same time, it does not require us to close our eyes to the reality of the defendant's prior guilty plea to a felony information under the trainee program when calculating his criminal history for sentencing after he has committed another offense.

An identical result did not dissuade the Fifth Circuit. It treats a Texas "deferred adjudication" as a "prior conviction" when calculating a defendant's criminal history under the Sentencing Guidelines, *United States v. Stauder*, 73 F.3d 56, 57 (5th Cir. 1996) (per curiam) (quotation omitted), and under the statute we considered in *Adams*, *see United States v. Cisneros*, 112 F.3d 1272, 1282 (5th Cir. 1997) (addressing 18 U.S.C. § 841(b)(1)). At the same time, the Fifth Circuit agreed that a "deferred adjudication" leaves a defendant "under indictment" for § 922(n)'s purposes. *Valentine*, 401 F.3d at 616.

The same holds true in the immigration context. Rolon points to two cases where we applied *Chevron* deference to an agency's interpretation of the Immigration and Nationality Act to include Michigan youthful trainee status as a "conviction" for purposes of that law. *See Uritsky v. Gonzales*, 399 F.3d 728, 735 (6th Cir. 2005); *Hanna v. Holder*, 740 F.3d 379, 391–92 (6th Cir. 2014). Those cases, again, considered a "*different* issue." *Thompkins*, 2022 WL 3151810, at *2. The Fifth Circuit, too, shares our perspective. It held that a Texas "deferred adjudication" counts as a "conviction" under the same provision of the Immigration and Nationality Act at issue in *Uritsky* and *Hanna* before reaching its conclusion that the same "deferred adjudication" was an "indictment" under § 922(n). *See Moosa v. I.N.S.*, 171 F.3d 994, 1006 (5th Cir. 1999) (analyzing 8 U.S.C. § 1101(a)(48)); *Valentine*, 401 F.3d at 616.

We doubt, for what it is worth, that Rolon's preference for being treated as a convict rather than someone under indictment would make a difference. Recall that the relevant question is whether Rolon is a "prohibited person." U.S.S.G. § 2K2.1(a)(4)(B). He can fall into that bucket as an individual "under indictment" under § 922(n) or as a convicted felon under § 922(g)(1). *Id.* § 2K2.1 cmt. 3. If Rolon's youthful trainee status counted as a conviction instead of an indictment, he would be a "prohibited person" under § 922(g)(1) instead of § 922(n) and the same offense-level enhancement would apply. Although Rolon argued below that his Michigan concealed-weapon charge would not count as a felony conviction because the Holmes Youthful Trainee Act limited the state court to imposing a jail term of one year, he overlooks the reality that the Act allows the Michigan court to revoke trainee status "any time" "at its discretion" and to sentence him up to the statutory maximum. Mich. Comp. Laws § 762.12(1). That maximum is five years. *Id.* § 750.227. Rolon, as a result, would have been convicted of a crime "punishable" by imprisonment for more than a year, making him eligible for the enhancement anyway.

Rolon seeks to distinguish the Fifth Circuit's decision in *Valentine* by pointing out that the Texas statute did not require an adjudication of guilt. But that describes rather than distinguishes the Michigan program. Michigan courts also do not "enter[] a judgment of conviction" after a defendant pleads guilty under the trainee program. Mich. Comp. Laws

§ 762.11. Rolon admits as much: "Under [the trainee program], an eligible defendant may plead guilty to the charged offense without a formal adjudication of guilt." Appellant's Br. 8.

Rolon directs us to *United States v. Hill*, 210 F.3d 881, 884 (8th Cir. 2000), in which the Eighth Circuit held that the defendant's suspended sentence under Missouri law didn't count as being "under indictment" for the purposes of § 922(n). Rolon fails to explain why Missouri's "suspended sentence" scheme matches Michigan's youthful trainee program. *See id.* In that 10-paragraph decision, the court did not fully explain how the Missouri program worked. It remains unclear whether Missouri law specifies that "suspended sentences" are not convictions, as Michigan law does for its youthful diversion program. *See Valentine*, 401 F.3d at 615–16 (suggesting that the Missouri program differed from the Texas diversion program and, by extension, the Michigan diversion program). And it remains unclear why the Eighth Circuit panel thought that satisfaction of the notice requirement was the only purpose of an indictment under Missouri law that mattered. *See Hill*, 210 F.3d at 884; *see also Trinity*, 471 N.W.2d at 627; Mich. Ct. R. 6.112(B); *Herron*, 628 N.W.2d at 539. The Tenth Circuit, at all events, convincingly rejected the Eighth Circuit's brief reasoning because it could "find no support for the proposition that a defendant is no longer subject to an indictment after he pleads guilty and before he is adjudged guilty." *Saiz*, 797 F.3d at 857. Michigan's program, like the New Mexico one at issue in *Saiz*, "simply prolongs the life of the indictment." *Id.*; *see also Trinity*, 471 N.W.2d at 627. A contrary conclusion would create tension with the reality "that the defendant is never convicted unless he violates the terms" of the trainee program or the state judge revokes the program. *Saiz*, 797 F.3d at 857. Both Michigan's and New Mexico's programs "exist[] precisely to give a defendant a chance to avoid a finding of guilt, while preserving the threat posed by the indictment until the completion of probation." *Id.*

We affirm.